UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD ROLLYSON, | No. C 10-3153 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| ABISHIA ROMANO; et al., | |
| Defendants. | |

# INTRODUCTION

Donald Rollyson is incarcerated at Napa State Hospital, filed a pro se civil rights action under 42 U.S.C. § 1983. He also applied to proceed in forma pauperis. His complaint is now before the court for review under 28 U.S.C. § 1915A.

# BACKGROUND

Rollyson currently is incarcerated at Napa State Hospital pursuant to California Penal Code § 1026 upon a determination that he was not guilty by reason of insanity. See Docket # 3-2, p. 3 of 7 (Cal. Dept. of Mental Health DMH Wellness And Recovery Plan dated May 4, 2010). Although his criminal offense is not specified, the exhibit states that he has been so incarcerated since June 4, 2003, and the termination date for his commitment is September 27, 2021. Id. That same exhibit lists psychiatric diagnoses of schizophrenia, paranoid type; polysubstance dependence; antisocial personality disorder; and paranoid personality disorder. Id. The exhibit lists medical diagnoses of hepatitis C, urinary incontinence, and migraines. Id. Other exhibits indicate Rollyson has back problems.

Rollyson's complaint has a very, very brief statement of his claim. In his statement of his claim, he alleges that he was "taken off good medication that was working. Being put on past old medication that failed many times and doctors knew it." Complaint, p. 6. He also alleges that the old medication was harming various organs. He does not state what the medications were, or identify who did what to him, or describe when any of the events occurred. The complaint has attached to it about 180+ pages of exhibits, and there are an additional 70+ pages of exhibits attached to two "motions to enter exhibits" he filed shortly after the complaint.

## DISCUSSION

In April 1996, 28 U.S.C. § 1915 was amended and 28 U.S.C. § 1915A was added by the Prison Litigation Reform Act of 1995 ("PLRA") to impose several limits on prisoner filings. For example, § 1915(g) limits the number of meritless suits that may be filed by pauper-prisoners, and § 1915A requires that prisoner complaints be screened at the outset regardless of whether the prisoner is proceeding as a pauper. Both sections define prisoner the same way: "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. §§ 1915(h), 1915A(c). Not all persons who are detained by the government are prisoners, however. For example, an individual civilly committed pursuant to California's Sexually Violent Predators Act is not a "prisoner," Page v. Torrey, 201 F.3d 1136, 1139-40 (9th Cir. 2000), nor is an alien detained pending civil deportation proceedings, Agyeman v. INS, 296 F.3d 871, 885-86 (9th Cir. 2002).

Rollyson appears to be a prisoner within the meaning of § 1915A. He is incarcerated at Napa State Hospital following a determination he was guilty but insane. See Cal. Penal Code § 1026. That is not a civil commitment statute. Hospitalization under § 1026 is part of the criminal proceedings against the defendant rather than a civil matter, and only follows a determination that he is guilty of a criminal offense. The § 1026 commitment provisions are found in the Penal Code, rather than in the California Welfare & Institution Code as the SVPA

commitment proceedings were in Page. The determination that Rollyson is a prisoner affects this case in that, among other things, the § 1915(b) fee-collecting schedule applies and the § 1915A initial screening is required.

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Rollyson's complaint concerns his medical care. However, his complaint does not describe his particular medical problem(s), or describe any of the particular ways in which defendants denied him treatment, or state when the events occurred. Instead, his complaint has several conclusory allegations and seems to invite the reader to look to the grievances, medical records (that go back more than 20 years and pertain to different body parts), correspondence and other documents attached to his complaint for the details.

The court will not read through exhibits to attempt to piece together a claim for a plaintiff. It is Rollyson's duty to provide a statement that is a complete statement of the claim(s) against each of the defendants. He must file an amended complaint that sets forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In preparing his amended complaint, Rollyson should bear in mind that, when a prisoner alleges that his medical care has been constitutionally inadequate, he must allege two things to state a claim for a violation of his Eighth Amendment rights: (1) a serious medical need and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050,

1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); see also Farmer v. Brennan, 511 U.S. 825, 837 (1994) (mental state of deliberate indifference requires that the official not only must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," he "must also draw the inference."). Negligence does not rise to the level of an Eighth Amendment violation. See McGuckin, 974 F.2d at 1059.

For each instance of a constitutional violation, Rollyson should name each person who violated his constitutional right(s), describe what each person did to violate his right(s), state where the violation occurred, and when the violation occurred. He must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g. "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). Each claim should be set out separately.

In preparing his amended complaint, and in litigating this action in general, Rollyson should bear in mind that the amended complaint will frame the dispute that the court will adjudicate. Once that framework is set, that is the only dispute that will be resolved in this action. The court does not become an ombudsman for the plaintiff, nor is the court action to be treated as a forum for him to voice his discontent over every aspect of his conditions of confinement. Thus, ongoing reports of activities at the hospital, such as his motion to file obstruction of justice charges (docket # 5) and his "action report U.S. District Court," (docket # 6) are not desirable and do not advance his cause.

Rollyson's motions to enter evidence are DENIED. Filing exhibits unattached to a written request for court action accomplishes nothing other than cluttering the file and confusing the record. The court file is not a storage depository for litigant's paperwork, and nothing should be filed that does not ask the court for action or notify the court of something of legal

significance in this particular action. Also, a litigant cannot add claims or change the nature of his claims by doing things such as filing his motions to enter evidence – that is done by filing an amended complaint.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **January 14, 2011**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

The motions to enter exhibits and to file obstruction of justice charges are DENIED. (Docket # 3, # 4, and # 5.)

IT IS SO ORDERED.

Dated: December 3, 2010

_____
SUSAN ILLSTON
United States District Judge

5